UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOLDSMITH<br>1109 Edgehill Ave.<br>Ashland, OH 44805<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>  v.<br><br>BALL, BOUNCE AND SPORT, INC.<br>d/b/a Hedstrom Plastics, Inc.<br>c/o Statutory Agent CC&J Agents, Inc.<br>225 N. Market St.<br>Wooster, OH 44691<br><br>        Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Michael Goldsmith, by and through counsel, for his Class and Collective Action Complaint against Defendant Ball, Bounce and Sport, Inc., states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" ("the FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

1

2. Defendant's employee wage compensation practices, including Defendant's rounding and docking policies, have previously been challenged as willful attempts to circumvent the Fair Labor Standards Act. *Adkins v. Ball, Bounce and Sport, Inc.*, No. 1:14-cv-00336 (N.D. Ohio Feb. 14, 2014). In *Adkins*, on September 17, 2014, this court approved a settlement. *Id.* at Doc. 36. Nevertheless, Defendant has continued to engage in FLSA violations.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and common law of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

6. At all times relevant, Plaintiff Michael Goldsmith was a citizen of the United States and a resident of Ashland County, Ohio.

7. Defendant Ball, Bounce and Sport, Inc. (hereinafter "Defendant") is an Ohio corporation with its principal place of business in Ashland County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is CC&J Agents, Inc., 225 N. Market St., Wooster, OH 44691.

## FACTUAL ALLEGATIONS

### Defendant's Business

8. Defendant is a manufacturing company providing plastic molding manufacturing services and products and other services and products nationwide. Defendant regularly does business as Hedstrom Plastics[1] and Regent Sports.[2] Defendant manufacturers products including Duraball, athletic gear, children sensory products, ball pits and balls, hoppers, inflatables, snow sleds and shovels. Defendant's products are available at, among other retailers, Amazon.com, Big Lots, Walmart, Publix, Giant Eagle, Dollar General, CVS Pharmacy, and Menards.[3]

9. Defendant's operations utilize hourly workers in various manufacturing positions. Upon information and belief, Defendant has employed approximately 1,000 hourly employees out of Ashland, Ohio over the last three years.

## Defendant's Status as Employer

10. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all times relevant, Defendant had annual sales in excess of $1 million dollars each year.

## Plaintiff's Non-Exempt Status with Defendant

14. Plaintiff Michael Goldsmith worked for Defendant as an hourly employee from approximately April 2016 to January 2017. Plaintiff worked primarily as a finisher on the factory floot.

---

[1] http://www.hedstromplastics.com/our-company (accessed February 17, 2017).
[2] http://www.regentsports.com/about-us (accessed February 17, 2017).
[3] http://www.hedstrom.com/where-to-buy (accessed February 17, 2017).

15. Plaintiff, the FLSA Collective, and Ohio Class regularly worked more than forty (40) hours per week.

16. Plaintiff, the FLSA Collective, and Ohio Class worked for Defendant as hourly, non-exempt employees.

17. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

18. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**Defendant's Failure to Pay Overtime Compensation at the Lawful "Regular Rate"**

19. The FLSA and Ohio law required Defendant to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

20. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective, and the Ohio Class at the time-and-a-half regular rate required. The FLSA and Ohio law required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. 778.108; O.R.C. § 4111.03(A) (incorporating FLSA standards).

21. Defendant's arbitrary overtime compensation formula did not pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay.

**Defendant's Failure to Pay For All Hours Worked**

22. While Plaintiff, the FLSA Collective, and Ohio Class were paid on an hourly basis, Defendant consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked. 29 U.S.C. § 207.

23. Defendant told its employees that "[t]t is our policy to avoid overtime." One way Defendant shortchanged its employees and avoided paying overtime was through an unlawful rounding policy. This unlawful policy was spelled out in its employee handbook. The handbook policy applied to all hourly employees.

24. In the "Timekeeping" section of Defendant's employee handbook, Defendant includes the following policy:

> Overtime is calculated in fifteen (15) minute increments. Employees must work a full fifteen-minute increments to receive overtime pay. For example, if the quit time is 3:00 and an employee clocks out at 3:10, **overtime is not paid**. If the log-out time is 3:16 fifteen (15) minutes of overtime may be paid if approved by a Supervisor. All overtime must be approved by the employee's Supervisor. (Emphasis added.)

25. This policy violates the Department of Labor's regulations on rounding in two ways. The regulations require both that employees' time be rounded "to the *nearest* 5 minutes, or to the *nearest* one-tenth or quarter of an hour" (emphasis added) and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). Defendant's rounding policy always rounds down an entire quarter of an hour and the rounding is always in Defendant's favor.

26. Defendant also violated the FLSA and the Department of Labor's regulations by docking pay. Defendant's "Timekeeping" policy states:

> An employee will be docked for a full fifteen (15) minute increment if he or she is not at his or her workstation ready to work at the designated start time. For example, if the designated start time is 7:00 and the clock-in time is 7:01, the employee will be docked fifteen (15) minutes of pay. This policy also applies when returning from breaks and lunches.

5

Clocking out prior to the designated quit time is also subject to docking. For example, if the designated quit time is 3:00 and the employee clock-out time is 2:59, his or her pay will be docked fifteen (15) minutes.

27. Through the policies set forth in ¶¶ 15 and 17, Defendant avoided paying Plaintiff, the FLSA Collective, and the Ohio Class for work time occurring after the scheduled shift ending time, and when employees returned from breaks and lunches.

28. Defendant's docking policies and practices failed to pay for all time worked, including all hours over forty (40) hours, in an indefensible violation of the FLSA, 29 U.S.C. § 207(a).

29. <u>In addition</u> to the above unlawful payroll policies described in its handbook, Defendant edited its hourly employees' actual hours worked to reduce labor costs. As a result, Plaintiff, the FLSA Collective, and the Ohio Class were not paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio Law. Further, Defendant would not pay Plaintiff for time worked prior to seven (7) minutes before his scheduled shift, or time worked more than seven (7) minutes after his scheduled shift, despite requiring work before and after Plaintiff's scheduled shift.

30. Defendant's editing policies and practices described in ¶ 20 resulted in a failure to pay for all time worked, including all hours over forty (40) hours, in an indefensible violation of the FLSA, 29 U.S.C. § 207(a). These practices applied to Plaintiff, the FLSA Collective, and the Ohio Class.

## **COLLECTIVE ACTION ALLEGATIONS**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

33. The FLSA Collective consists of:

All present and former hourly employees of Defendant during the period of three years preceding the commencement of this action to the present.

34. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay for all hours worked and overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 1,000 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant who worked during the period of two years preceding the commencement of this action to the present.

39. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 600 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a.

40. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendant failed to pay Plaintiff and other class members for all hours worked?
>
> Whether Defendant's failure to pay Plaintiff and other class members overtime pay due to them in violation of the FLSA and Ohio law was willful?

41. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

42. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation,

including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

43. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

47. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

48. Plaintiff, the FLSA Collective, and Ohio Class should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

49. Defendant did not pay overtime compensation to Plaintiff, the FLSA Collective, and Ohio Class at the rate of one and one-half times their regular rate for all of their overtime hours.

50. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

51. As a result of Defendant's violations of the FLSA, Plaintiff, the FLSA Collective, and Ohio Class were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff, the FLSA Collective, and Ohio Class to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

53. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

54. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

55. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

56. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

57. Having injured Plaintiff, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]… under Ohio law."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325

Cleveland, OH 44114
Telephone: 440-498-9100
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

and

Kevin M. McDermott II (0090455)
M<span style="font-variant:small-caps">c</span>D<span style="font-variant:small-caps">ermott</span> L<span style="font-variant:small-caps">aw</span> LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625
kevin@mcdermottattorney.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Ryan A. Winters
Ryan A. Winters (0086917)