UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOLDSMITH, | Case No. 1:17CV00341 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | **JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |
| BALL, BOUNCE AND SPORT, INC., | |
| Defendant. | |

Plaintiff Michael Goldsmith and Defendant Ball, Bounce and Sport, Inc. respectfully and jointly move the Court to (1) conditionally certify this case as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), (2) certify a proposed Settlement Class pursuant to Fed. R. Civ. P. 23, (3) preliminarily approve the proposed settlement of FLSA claims for potential opt-in plaintiffs who join the case pursuant to § 216(b) ("Potential Opt-Ins") and the proposed settlement of Settlement Class Members' state-law claims pursuant to Rule 23(e) (the "Settlement"), and (4) approve a proposed notice to Potential Opt-Ins and Settlement Class Members. A Proposed Preliminary Approval Order is attached as Exhibit 3.

The terms of the proposed Settlement are set forth in the *Agreement of Settlement and Release* ("Settlement Agreement") filed along with this *Joint Motion for Preliminary Approval of Settlement*, attached as Exhibit 1. The Settlement will apply to Plaintiff Michael Goldsmith, the Potential Opt-ins who join the case pursuant to 29 U.S.C. § 216(b), and all members of the proposed Settlement Class.

The Settlement will resolve bona fide disputes involving wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and corresponding provisions of Ohio wage-and-hour law, O.R.C. § 4111.03. Plaintiff alleged that Ball, Bounce and Sport unlawfully rounded hourly employees' hours worked, miscalculated

employees' overtime rate, unlawfully docked its employees' pay, and unlawfully edited its hourly employees' hours worked to reduce the payment of overtime compensation.

The Settlement is fair, reasonable, and adequate and satisfies the criteria for approval under the FLSA, 29 U.S.C. § 216(b) and Rule 23(e). If approved by the Court, the Settlement will provide individual settlement payments to the Plaintiff, Opt-Ins, and Class Members representing a substantial percentage of their claimed damages.

The following settlement documents and proposed orders are submitted for approval or entry by the Court:

> Exhibit 1: Agreement of Settlement and Release
>
> Exhibit 2: Proposed Preliminary Approval Order (providing for notice and hearing)
>
> Exhibit 3: Proposed Notice to Potential Opt-Ins and Settlement Class Members
>
> Exhibit 4: Declaration of Plaintiff's Counsel

The sections below explain the litigation, the negotiations, the Settlement terms, the proposed settlement payments and distributions, and the propriety of approval.

## I. THE LITIGATION

### A. The Claims and Issues

Plaintiff filed the Class and Collective Action Complaint against Defendant (ECF #1) on February 20, 2017. Plaintiff alleged that Ball, Bounce and Sport unlawfully rounded hourly employees' hours worked, miscalculated employees' overtime rate, unlawfully docked its employees' pay, and unlawfully edited its hourly employees' hours worked to reduce the payment of overtime compensation. (*Id.* at ¶¶ 19-30.) Defendant denied Plaintiff's claims and asserted 24 affirmative defenses. (*See* ECF #17, Answer to Complaint at ¶¶ 19-30, 59-81.)

### B. Discovery and Document Analysis

The parties filed a *Joint Stipulation for Tolling of the Statute of Limitations and Extension of Time to Answer* on March 3, 2017 (ECF #6) for the purposes of due diligence exchange of Plaintiff's records in an attempt to resolve the matter without needless litigation, which was entered by the Court on March 8, 2017 (March 8, 2017 Order). Principle discovery of Plaintiff's claims, including time records, earnings statements, and times editing reports, were exchanged promptly in March, 2017. On April 21, 2017, the parties filed a Joint Motion for extension of time until May 5, 2017 for further discovery and for Defendant to answer the Complaint. (ECF # 10, 11.) Plaintiff propounded his First Set of Interrogatories and Requests for Production of Documents to Defendant and a Rule 30(b)(6) deposition notice on May 17, 2017.

Class discovery was completed by the parties in mid-June, 2017. The documents produced by Defendant included data with final wage adjustment totals by employee, employee contact information, and ADP audit reports consisting of editing information and backup documents of a 10% randomized sample of affected employees. These documents were extensively analyzed by both sides for the purposes of assessing the strengths and weaknesses of the case and compiling estimates of the claimed damages. These analyses were difficult and time-consuming but proved instrumental to the negotiation of the proposed Settlement.

## II. SETTLEMENT NEGOTIATIONS

Following receipt of the final wage adjustment totals by employee, employee contact information, and ADP audit reports consisting of editing information and backup documents of a 10% randomized sample of affected employees, and thoughtful and thorough negotiations, the proposed Settlement was achieved. On July 11, 2017, the parties filed a *Joint Motion for Order*

*to Cancel Status Conference and Notice of Settlement* (ECF #18), which was granted by the Court (July 11, 2017 Order).

### III. THE TERMS OF THE SETTLEMENT AND RELEASE OF CLAIMS

#### A. The Scope of Settlement

If approved by the Court, the proposed Settlement will resolve disputed wage-and-hour claims between the parties in two ways. First, the Settlement will resolve FLSA claims of the named Plaintiff and similarly-situated employees who opt into the case pursuant to 29 U.S.C. § 216(b). Second, the Settlement will resolve state-law claims of the named Plaintiff and all members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e).

#### B. The Proposed Settlement Payments and Distributions

Total Settlement Amount. Defendant has agreed to pay a fixed amount as set forth in the Settlement Agreement (Exhibit 1), which amount will be used to make individual settlement payments to each of the Plaintiff, Opt-Ins, and Settlement Class Members listed on the Class Roster as having unpaid overtime.

Collective and Class Payments. The Net Proceeds of the Settlement—that is, the Total Settlement Amount after deduction of the Service Award, and Attorneys' Fees and Cost Reimbursements—will be made available to the Plaintiff, Opt-Ins and Settlement Class Members in individual settlement payments.

Method of Allocation. The proposed method of allocating the Collective and Class Payments is reasonable and fair to all. Each Settlement Class Member listed on the Class Roster as having unpaid overtime will receive payment in the amount of his or her unpaid overtime as shown on the Class Roster, subject to statutory wage reductions. Each Opt-In will also receive liquidated damages in the amount of his or her unpaid overtime as shown on the Class Roster.

<u>Service Award to Plaintiff.</u> The proposed Settlement provides for a service award to Plaintiff Michael Goldsmith in the amount of $3,000 in recognition of his assistance to Plaintiff's Counsel and his contribution to achieving the Settlement on behalf of all Opt-Ins and Class Members. The proposed service award is well-earned. Plaintiff Michael Goldsmith consulted with Plaintiff's counsel at critical stages and provided important documents and information throughout the course of the litigation.

<u>Attorneys' Fees and Cost Reimbursements.</u> The proposed settlement includes a payment of attorneys' fees to Plaintiff's counsel in an amount slightly less than one-third of the Total Settlement Amount, as well as out-of-pocket litigation costs. The attorneys' fees were negotiated separately from the payments by Defendant to the Plaintiff, Opt-Ins, and Settlement Class Members. The attorneys' fees, and the settlement as a whole, are supported by the Declaration of Plaintiff's Counsel (Exhibit 4).

**C. Releases**

In return for their settlement payments, the Plaintiff, Opt-Ins, and Settlement Class Members agree to release Defendant and dismiss their claims with prejudice, as set forth in the Settlement Agreement.

**IV.    THE PROPRIETY OF APPROVAL**

As to the Plaintiff and Opt-Ins, the settlement must qualify for Court approval under the FLSA, 29 U.S.C. § 216(b). The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the proposed settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012). *Accord, In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381-82 (S.D. Ohio 2006); *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1

5

(S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As to the proposed Settlement Class, Rule 23 requires a two-fold determination. Rule 23 authorizes the Court to certify the Settlement Class if it satisfies "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—and "meet[s] at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 850 (6th Cir. 2013). *See Gilbert v. Abercrombie & Fitch Co.*, Case No. 2:15-cv-2854 (S.D. Ohio Aug. 5, 2016)(granting preliminary approval of a class settlement)(citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000)). Rule 23(e) provides that the Court may approve the class settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." *See, e.g., Gilbert v. Abercrombie & Fitch Co.*, Case No. 2:15-cv-2854 (S.D. Ohio Aug. 31, 2016) (Order by Smith, J.) (granting final approval of a class settlement upon the ground that it was "fair, reasonable and adequate as to each of the Parties").

The proposed Settlement qualifies for approval under all of these standards, as shown below.

### A. The Seven-Factor Standard Is Satisfied

In *Kritzer*, the Court used seven factors to evaluate whether the proposed settlement was "fair, reasonable, and adequate" for purposes of the FLSA, 29 U.S.C. 216(b). *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20. *See also Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th

6

Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)).

The first factor—the likelihood of success on the merits balanced against the amount and form of the settlement—strongly supports approval. Litigating FLSA claims is always risky and uncertain, and Plaintiff would have to establish not only Defendant's liability but also employees' damages. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiff, the Opt-Ins, and all Class Members who have been determined to have unpaid overtime wages.

The other six factors are satisfied as well. Given the factual and legal complexity of the issues in this case, there is no guarantee that Plaintiff will prevail at trial and the litigation could be long and protracted. In contrast, the Settlement assures that the Plaintiff, Opt-Ins and Settlement Class Members will receive significant compensation. Given the uncertainties surrounding a possible trial in this matter, the certainty and finality of a settlement that will substantially benefit the Plaintiff, Opt-Ins, and Class Members is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation").

### B. The Settlement Payments Are Fair, Reasonable, and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court should "ensure that the distribution of settlement proceeds is equitable." *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group, LLC,* No. 4:09cv1608, 2010 WL 2490989, at *6 (N.D. Ohio June 15, 2010) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).

In the present case, the proposed Settlement will make individual settlement payments available to the Plaintiff, Opt-Ins, and Settlement Class Members who have been determined to have unpaid overtime wages, representing a substantial percentage of their claimed damages. The proposed allocations are reasonable and fair to all.

### C. The Service Award is Proper and Reasonable

Reasonable service awards "are common in class action settlement[s] and [are] routinely approved for the simple reason 'to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group, LLC,* No. 4:09cv1608, 2010 WL 2490989, at *7. *Accord*, *In re Dun & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366, 373 (S.D. Ohio 1990). Service awards are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of the case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997).

In the present case, the service award to Plaintiff Michael Goldsmith is amply justified by his assistance to Plaintiff's Counsel and his contribution to achieving the Settlement on behalf of all Opt-Ins and Class Members. Goldsmith attended to Court, consulted with Plaintiff's counsel and provided important documents and information throughout the course of the litigation.

### D. The Attorneys' Fees Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs

8

of the action." 29 U.S.C. § 216(b). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees." Ohio Rev. Code Ann. § 4111.10.

The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). *Accord*, *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *28 (the fee award must be "adequate to attract competent counsel but … not produce a windfall) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

The percentage award agreed upon in the present case satisfies the Sixth Circuit's standard for class settlements. The district court "must make sure that [class] counsel is fairly compensated for the amount of work done as well as for the results achieved" and "the percentage of the fund method more accurately reflects the results achieved." *Rawlings v. Prudential Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The percentage approach "provides a fair and equitable means of determining attorney's fees'" because "'the size of a common fund is an objective yardstick by which the benefit conferred upon the class can be measured.'" *In re Revco Securities Litigation*, Fed. Sec. L. Rptr. ¶ 96,956, at 94,069 (N.D. Ohio 1993).

Applying *Fegley* and *Rawlings*, courts in the Sixth Circuit commonly approve one-third fee awards in FLSA collective actions. *See, e.g.*, *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *21 (N.D. Ohio Mar. 8, 2010) (citing *Rawlings* as well as *Jackson v. Papa John's,* Case No. 1:08CV2791 (N.D. Ohio 2008); *Fincham v. Nestle Prepared Foods Co.,*

1:08CV73 (N.D. Ohio 2008); *McGhee v. Allied Waste Indus.,* Case No. 1:07CV1110 (N.D. Ohio 2007)); *Bessey v. Packerland Plainwell, Inc*. 2007 WL 3173972 (W.D. Mich. 2007). *Accord*, *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 WL 4721208, at *1 (S.D. Ohio Sept. 9, 2016) (approving 30% award.)

Courts reference the NERA study, cited in 2000 as "[t]he most complete analysis of fee awards in class actions conducted to date." *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000). *See Dillworth*, 2010 WL 776933, at *19-20; *Bessey*. 2007 WL 3173972, at *4 (citing study conducted by the National Economic Research Associates). The study found that "regardless of size, attorneys' fees average approximately 32% of the [class action] settlement," although "the average result achieved for class members was only 7% to 11% of claimed damages." *Shaw*, 91 F.Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12). Based on the foregoing, the proposed Settlement in the present case is exemplary. Plaintiff's Counsel has actively and aggressively litigated this case against the formidable defense mounted by Defendant. Counsel's efforts included extensive document discovery and tedious analyses of damages-related documents and data. The resulting settlement ensures substantial payments to the Plaintiff, Opt-Ins, and Class Members.

### E.  The Proposed Notice Should Be Approved

The proposed Notice to Potential Opt-Ins and Settlement Class Members (the "Notice"), should be approved. The Notice describes the background of the case and summarizes the terms of the settlement, including the method of allocating individual payments in return for a release. The Notice informs Potential Opt-Ins and Class Members how to obtain settlement payments by signing and returning the Consent Form. The Notice further informs Settlement Class Members how to object to the Settlement or request exclusion from the Class if they so choose. The Notice

is written in plain and understandable language. The parties request approval of the Notice as drafted. If approved, the Notice will be sent to Potential Opt-Ins and Settlement Class Members by first class mail.

### F. Certification and Preliminary Approval Should Be Granted As to the Proposed Settlement Class

Certification and approval of the proposed Settlement Class will enable the parties to resolve the state-law claims of Plaintiff and all other class members. Rule 23 authorizes the Court to certify a class that satisfies "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—and "meet[s] at least one of the three requirements listed in Rule 23(b)." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 850 (6th Cir. 2013).

**Numerosity.** The proposed Settlement Class consists of over 200 present and former hourly employees of Ball, Bounce and Sport, Inc.

**Commonality and typicality.** By definition, the Settlement Class consists of "[a]ll present and former hourly employees of Ball, Bounce and Sport, Inc. who worked for Ball, Bounce and Sport, Inc. at any time during the period February 20, 2014 to the present." (Settlement Agreement, Exhibit 1 at ¶ 7.) Plaintiff's Complaint alleged that Defendant owes additional compensation to those employees pursuant to the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03. (ECF #1, Complaint at ¶¶ 52-57. All members of the Settlement Class, including Plaintiff Michael Goldsmith, have those claims, and adjudicating them on a classwide basis would "generate common answers that are likely to drive resolution of the lawsuit." *Arlington Video Productions, Inc. v. Fifth Third Bancorp*, 2013 WL 560635, at *14 (6th Cir. Feb. 14, 2013).

**Adequacy of Representation.** Plaintiff Michael Goldsmith has aggressively pursued the interests of Class members, and his counsel has extensive experience in class action litigation including wage-and-hour cases. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (class representatives "must have common interests with unnamed members" and "it must appear that [they] will vigorously prosecute the interests of the class through qualified counsel") (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (citation omitted)).

**Predominance.** Whether Defendant unlawfully rounded hourly employees' hours worked, miscalculated employees' overtime rate, unlawfully docked its employees' pay, and unlawfully edited its hourly employees' hours worked to reduce the payment of overtime compensation were common issues in this litigation, and they are the primary issues driving the proposed Settlement. They clearly predominate "over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

**Superiority.** The present case is precisely the type of case in which class litigation is the superior method of adjudication. Here, as *In re Whirlpool*, "class members are not likely to file individual actions" because "the cost of litigation would dwarf any potential recovery." *In re Whirlpool*, 722 F.3d at 861 (citing *Amgen*, 133 S. Ct. at 1202; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

**Rule 23(e) Considerations.** The proposed settlement for members of the Settlement Class qualifies for preliminary approval under Rule 23(e). The Settlement "is fair, reasonable and adequate as to each of the Parties" as previously shown. *Gilbert v. Abercrombie & Fitch Co.*, Case No. 2:15-cv-2854 (S.D. Ohio Aug. 31, 2016) (Order by Smith, J.) (granting final approval of a class settlement). The proposed Preliminary Approval Order (Exhibit 2) and the proposed Notice (Exhibit 3) satisfy the procedural mandates of Rule 23(c)(2) and (e). The proposed Notice

gives Settlement Class Members a reasonable period of 45 days to opt out of the Settlement Class or object to the Settlement. The Preliminary Approval Order, in turn, approves the proposed Notice and orders the distribution of the Notice to Settlement Class Members by first-class mail. *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173-77 (1974) ("individual notice" must be given "to all members who can be identified through reasonable effort"); *Zimmer Paper Products, Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90 (3d Cir. 1985) ("first-class mail … fully satisfy the notice requirements of both [Rule] 23 and the due process clause").

## V. CONCLUSION

For the reasons addressed above, the parties respectfully request that the Court enter the Proposed Preliminary Approval Order attached as Exhibit 2.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Scott & Winters Law Firm, LLC
The Caxton Building
812 Huron Rd., Suite 490
Cleveland, OH 44115
Tel. (440) 498-9100
Fax. (216) 350-6313
jscott@ohiowagewlawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625
kevin@mcdermottattorney.com

*Attorneys for Plaintiff*

*s/Peggy J. Schmitz (vis e-mail consent)*
Peggy J. Schmitz (0023932)

13

        Kimberly L. Hall (0090677)
        CRITCHFIELD, CRITCHFIELD
        & JOHNSTON, LTD.
        225 N. Market St.
        Wooster, OH 44691
        Tel. (330) 264-4444
        Fax: (330) 263-2978
        schmitz@ccj.com
        khall@ccj.com

        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

        *s/ Ryan A. Winters*
        Ryan A. Winters (0086917)

4837-3879-9949, v. 1