## AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release is entered into between Plaintiff Michael Goldsmith and Defendant Ball, Bounce and Sport, Inc., this ___ day of _____, 2017.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Michael Goldsmith v. Ball, Bounce and Sport, Inc.*, U.S. District Court, Northern District of Ohio, Case No. 1:17-cv-00341.

2. "Settlement Agreement" shall mean this Agreement of Settlement and Release.

3. "Settlement" shall mean the settlement of the Action under the terms and conditions set forth in this Settlement Agreement.

4. "Plaintiff," unless otherwise specified, shall mean Michael Goldsmith.

5. "Opt-Ins" means the persons who join this case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), by signing and returning a Consent Form as provided herein.

6. The "Potential Opt-Ins" consist of all members of the Settlement Class as defined in Section 7 below.

7. The "Settlement Class" consists of all present and former hourly employees of Ball, Bounce and Sport, Inc. who worked for Ball, Bounce and Sport, Inc. at any time during the period February 20, 2014 to the present (except those who request exclusion from the Class pursuant to Fed. R. Civ. P. 23), and who have unpaid overtime during that period as shown on the Class Roster described in Section 32 below.

8. "Plaintiff's Counsel" shall mean Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II of the Scott & Winters Law Firm, LLC.

9. "Defendant" and "Ball, Bounce and Sport" shall mean Ball, Bounce and Sport, Inc. and all of its current, future and former parents, predecessors, successors, subsidiaries, and related and affiliated entities, and each of their current, future and former owners, officers, directors, shareholders, members, employees, agents, insurers and attorneys in their individual and official capacities.

10. "Parties" shall mean the Plaintiff and Defendant, as defined above.

11. "Released Period" shall mean the period February 20, 2014 to the date of the Court's Final Order and Judgment approving the Settlement.

12. "Effective Date" shall mean the date of the Court's Final Order and Judgment approving the Settlement.

13. "Releasing Party (or Parties)" means Plaintiff, all Opt-Ins, and all Settlement Class members, and their respective predecessors, successors, heirs, and assigns, and all other legal representatives of same.

## RECITALS

14. The Settlement resolves bona fide disputes involving wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and corresponding provisions of Ohio wage-and-hour law.

15. Plaintiff filed his Class and Collective Action Complaint against Defendant (ECF #1) on February 20, 2017. Plaintiff alleged that Ball, Bounce and Sport unlawfully rounded hourly employees' hours worked, miscalculated employees' overtime rate, unlawfully docked its employees' pay, and unlawfully edited its hourly employees' hours worked to reduce the payment of overtime compensation.

16. The parties engaged in prolonged and difficult negotiations, and filed multiple Joint Motions for extensions of time for Defendant to answer the Complaint (ECF # 6, 10) to negotiate the proposed Settlement which were approved by the Court (March 8, 2017 Order; April 24, 2017 Order).

17. Defendant answered Plaintiff's Complaint, and denied Plaintiff's claims and asserted affirmative defenses. *See* Answer to Complaint (ECF #17). The proposed Settlement was achieved following continued negotiation.

18. Wherefore, subject to approval by the Court, the Parties have reached a binding agreement to settle the Action upon the terms and conditions set forth herein.

19. Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, except with respect to enforcement of this Agreement, as follows:

## APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

20. Cooperation: The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of the Settlement, to effectuate its terms, and cause the Action to be dismissed with prejudice.

21. Fair, Adequate, and Reasonable: The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

22. Joint Motion for Approval of Settlement: Within thirty days, the Parties will jointly move the Court to conditionally certify the Action as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), certify the Settlement Class pursuant to Fed. R. Civ. P. 23, preliminarily approve the settlement of FLSA claims for Potential Opt-Ins who join the case pursuant to § 216(b) and the proposed settlement of Settlement Class Members'

state-law claims pursuant to Rule 23(e), and approve a Proposed Notice to Potential Opt-Ins and Settlement Class Members.

23. <u>Preliminary and Final Orders</u>: The Joint Motion will ask the Court to enter a Proposed Preliminary Approval Order granting preliminary approval of the Settlement and approving a Notice to Potential Opt-Ins and Settlement Class Members. At the conclusion of the 45-day notice period provided in the Notice, the Parties will file a joint motion for final approval of the settlement, attached to which will be a Table of Collective and Class Payments to the Plaintiff, Opt-Ins, and Settlement Class Members as well as a Proposed Final Order and Judgment dismissing the Action with prejudice.

## SETTLEMENT PAYMENTS

24. <u>Total Settlement Amount</u>: The Total Settlement Amount to be paid by Defendant, in final and complete settlement of the Action, shall not exceed Fifty-Seven Thousand Five Hundred Twenty-Six Dollars ($57,526.00), inclusive of Plaintiff's Attorneys' fees, costs, and Plaintiff's Service Award. Ball, Bounce and Sport agrees to pay all settlement administrative costs and/or otherwise provide settlement administration with Plaintiff's counsel's agreement.

25. <u>Collective and Class Payments</u>. The Total Settlement Amount, after deduction of the Service Award and Attorneys' Fees and costs will be distributed to the Plaintiff, Settlement Class Members and Opt-Ins as provided below.

26. <u>Method of Allocation</u>. **(a)** The sum of Seventeen Thousand Eight Hundred Three Dollars ($17,803.00) will be allocated to the Settlement Class members and will be distributed according to the unpaid overtime total for each member as listed in the Class Roster described in Section 32 below, subject to statutory wage deductions as described below. **(b)** Each Opt-In also will be paid liquidated damages in the amount of his or her unpaid overtime total as set forth in the Class Roster. All payments will be subject to the Settlement Administration terms provided herein.

27. <u>Plaintiff's Service Award and Other Consideration</u>. From the Total Settlement Amount, Plaintiff Michael Goldsmith will receive a service award in the amount of $3,000 in recognition of his assistance to Plaintiff's Counsel and his contribution to achieving the Settlement on behalf of all Opt-Ins.

28. <u>Attorneys' Fees and Cost Reimbursements</u>. From the Total Settlement Amount, Plaintiff's Counsel will receive attorneys' fees in the amount of $18,520.00 plus reimbursement of litigation costs in the amount of $400.

29. <u>Tax Treatment of Settlement Payments</u>: Payments made in accordance with Section 26(a) will be treated as wage payments subject to deduction of the employee share of applicable taxes and withholdings required by federal, state, and local law, and reported to the appropriate taxing authorities on Forms W-2. Defendant will be responsible for the employer share of FICA taxes. Payments made in accordance with Section 26(b) ("liquidated damages")

shall be treated as non-wage income and reported to the appropriate taxing authorities on Forms 1099. Plaintiff's Service Award as well as the Attorneys' Fees to Plaintiff's Counsel will be considered non-wage income and reported to the appropriate taxing authorities on Forms 1099. Plaintiff acknowledges that he has received no opinion or advice from Defendant with respect to the taxability, if any, of the payment made to him or his counsel.

30. Plaintiff has informed himself of the terms, contents, conditions and effects of this Settlement Agreement. Plaintiff further acknowledges that: (i) he has been advised to consult with an attorney prior to executing this Settlement Agreement; (ii) he has received no opinion or advice from Defendant or its attorneys with respect to the advisability of accepting or rejecting the settlement offer set forth in this Settlement Agreement; (iii) he is over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement Agreement; and (iv) he is entering into this Settlement Agreement knowingly and voluntarily and without any undue influence or pressures.

## SETTLEMENT ADMINISTRATION

31. The Settlement will be administered by Defendant. Defendant shall mail a pre-approved notification to each of the class members together with a consent form to opt-in to the collective action portion of the settlement. Settlement administration costs will be paid by Defendant.

32. Upon the entry of the Preliminary Approval Order, Defendant will provide a roster of Potential Opt-Ins and Settlement Class Members ("Class Roster") listing all hourly employees from February 20, 2014 to the present. The Roster will be in Excel format and will list the names, last known addresses according to Defendant's records, as well as the amount of unpaid overtime total during the relevant period. Defendant will update the addresses, as necessary, by reference to the National Change of Address database.

33. Within 21 days after entry of the Preliminary Approval Order, Defendant will mail the Notice and Consent Form to Potential Opt-Ins and Settlement Class Members. The Notice will be sent by First-Class United States mail to all Opt-Ins and Settlement Class Members at the addresses listed by Defendant in the Class Roster, as updated by Defendant from the National Change of Address database.

34. The Consent Deadline for Potential Opt-Ins and Class Members to return signed Consent Forms will be 45 calendar days after the date the Notice was first mailed. Consent Forms will be deemed timely if they are properly signed and postmarked on or before the Consent Deadline. Consent Forms received by Defendant will be provided to Plaintiff's Counsel for filing as soon as practicable.

35. Defendant will keep the Plaintiff's counsel reasonably informed about the progress of the administration, and will expeditiously inform Plaintiff's Counsel of any Notices returned as undelivered.

36. Fourteen days after the Effective Date, Defendant will issue the Service Award to Plaintiff and the Attorneys' Fees and Cost Reimbursements to Plaintiff's Counsel.

37. Fourteen days after the close of the opt-in period, or as soon thereafter as practicable, Defendant's counsel will issue the Collective and Class Payments to Plaintiff and to all Opt-Ins and Settlement Class Members.

38. Defendant will make one attempt to find a good address (using LexisNexis or other qualified service) and resend any Payments that were undeliverable

39. Payments that remain undeliverable or uncashed 120 days after the Effective Date shall be void.

## RELEASE OF CLAIMS

40. <u>Claims Released by Plaintiff</u>: Plaintiff agrees to release and dismiss with prejudice all claims against Defendant and to grant the Defendant the broadest covenant not to sue allowed by law, which shall release, and unconditionally, and forever bar Plaintiff from bringing, prosecuting, participating in, and/or recovering for any claims, known or unknown, accrued or unaccrued, present or future, which were brought or could have been brought

against Defendant as of the Effective Date and which did arise, in whole or in part, or relate in any way, to the subject matter of, or the conduct, omissions, transactions, or occurrences alleged in, or that could have been alleged in, the Complaint filed in this action, including without limitation, claims regarding or for retaliation, unpaid wages, unpaid overtime compensation, unpaid commissions, breach of contract, liquidated damages, interest, attorneys' fees and expenses, wrongful discharge, as well as from claims for personal injury, actual or potential, other than claims Plaintiff may have to payment of vested benefits (if any) under the terms of Defendant's qualified pension plans, if any, as amended from time to time. The claims released pursuant hereto include, but are not limited to, claims arising under any federal, state or local law, rule or regulation, including, without limitation, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq., the Civil Rights Act of 1866, the Civil Rights Act of 1991, 42 U.S.C. § 1981, et seq., the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq., the Equal Pay Act, as amended, 29 U.S.C. § 206, et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., the Family and Medical leave Act of 1993, 29 U.S.C. § 2601, et seq., the Ohio Minimum Fair Wage Standards Act, Common Law, Statutory Law, and whether claims are based in statute, contract, or tort,

and all other laws, rules or regulations regulating the terms and conditions of employment, regulation or ordinance, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by Defendant or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between Plaintiff and Defendant. In consideration of this Agreement, Plaintiff waives any and all rights he may have under these laws, rules and regulations as to events which have occurred prior to the Effective Date of this Settlement Agreement.

41. <u>Claims Released by Opt-Ins</u>: Opt-Ins release and dismiss with prejudice all claims against Defendant involving wages or compensation, including, but not limited to, claims arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, other statutes, or Common Law.

42. <u>Claims Released by Settlement Class Members</u>: Settlement Class Members who do not opt into this case pursuant to 29 U.S.C. § 216(b) release and dismiss with prejudice all claims against Defendant involving wages or compensation that arise under the Ohio Minimum Fair Wage Standards Act, other Ohio statutes, or Ohio Common Law.

43. <u>Release of Attorneys' Fees and Expenses</u>: Plaintiff and Plaintiff's Counsel agree that the payment of attorneys' fees and expenses to Plaintiff's

Counsel pursuant to this Settlement includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Action. In consideration of such payment of attorneys' fees and expenses, Plaintiff's Counsel release and waive any and all claims to any additional attorneys' fees and expenses in connection with the Action or Settlement.

44. The releases herein shall become effective on the Effective Date.

45. Plaintiff represents and warrants to Defendant that he has not assigned or conveyed, in whole or in part, to any other person or entity any claim, or part thereof, which such Party has or had against a released Party or which is released in this Settlement Agreement, and that he owns the claims released in this Settlement Agreement and has the authority to execute this Settlement Agreement and grant the releases herein.

## NO ADMISSION

46. Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. The Parties have entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

47. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between

the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

48. The captions of this Settlement Agreement are solely for reference and have no legal effect whatsoever and will not in any way affect the interpretation or construction of this Settlement Agreement.

49. In the event that an individual provision of this Settlement Agreement is found to be legally unenforceable, such provision shall be severed from the contract, leaving the remainder intact and binding on all Parties.

## MODIFICATION

50. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with the terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

51. This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Action, are merged into this Settlement Agreement No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. No rights

under this Settlement Agreement may be waived except in writing signed by the Parties.

52. Except as otherwise expressly provided herein, no waiver or purported waiver by any Party of any breach by the other Party of its obligations, representations, warranties, covenants or other agreements under this Settlement Agreement will be effective unless made in writing by such Party. No failure by a Party to pursue or elect any remedy with respect to any default under, or breach of, any provision of this Settlement Agreement by the other Party will be deemed to be a waiver of any subsequent, similar or different default or breach by such other Party.

## COUNTERPARTS

53. This Settlement Agreement may be executed in counterparts, including, without limitation, by facsimile transmission or by transmission of a PDF or other similar file via e-mail. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, including, without limitation, those sent by facsimile transmission or by transmission of a PDF or other similar file via e-mail, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## JURISDICTION

54. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement. This Settlement shall be governed by and construed in accordance with the laws of the State of Ohio.

IN WITNESS WHEREOF, the Parties have signed this Agreement on the dates set forth with their signatures.

**BY PLAINTIFF:**

_____          _____
Date                                                                 MICHAEL GOLDSMITH


_____
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott (90455)
Scott & Winters
The Caxton Building
812 E. Huron Road, Suite 490
Cleveland, OH 44115
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
440-498-9100
*Counsel for Plaintiff*

**BY DEFENDANT:**

BALL, BOUNCE, SPORT, INC.

By: _____

_Scott C. Ficker_
PRINTED NAME

9/29/17
Date

_____
Peggy J. Schmitz (0023932)
Kimberly L. Hall (0090677)
CRITCHFIELD, CRITCHFIELD
& JOHNSTON, LTD.
225 North Market Street; P.O. Box 599
Wooster, Ohio 44691
Phone: (330) 264-4444
Fax: (330) 263-9278
schmitz@ccj.com
khall@ccj.com

*Counsel for Defendant, Ball, Bounce and Sport, Inc.*
4832-7209-9153, v. 1