UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GOLDSMITH, | ) Case No. 1:17CV00341 |
| Plaintiff, | ) JUDGE JAMES S. GWIN |
| v. | ) **FINAL APPROVAL ORDER** |
| BALL, BOUNCE AND SPORT, INC., | ) **APPROVING CLASS SETTLEMENT** |
| Defendant. | ) |

Plaintiff Michael Goldsmith ("Plaintiff"), on behalf of himself and the Eligible Class Members moved the Court to approve the class action settlement described in the parties' Class Action Agreement of Settlement and Release ("Agreement", ECF #19.1, 19.2). Preliminary approval was granted in a prior order (ECF #20), filed October 16, 2017 ("Order Granting Preliminary Approval of Settlement"). The Court's Preliminary Approval Order conditionally certified this case as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), certified a proposed Settlement Class pursuant to Fed. R. Civ. P. 23, preliminarily approved the proposed settlement of FLSA claims for potential Opt-Ins plaintiffs who join the case pursuant to § 216(b) and the proposed settlement of Settlement Class Members' state-law claims pursuant to Rule 23(e), and approved notice to Potential Opt-Ins and Settlement Class Members.

The Order scheduled a Fairness Hearing for December 21, 2017, and directed that notice thereof be given to Eligible Class Members upon prescribed terms. Notice was given to Eligible Class Members as directed and the Fairness Hearing was held as scheduled.

Wherefore, having reviewed the Agreement as well as the papers and exhibits filed in this Action, and for good cause shown, the Court grants final approval of the settlement and enters

1

final judgment in the Action as follows:

1. On February 20, 2017, Michael Goldsmith filed a Class and Collective Action Complaint against Defendant alleging various wage and hour violations (ECF #1). Plaintiff alleged that Ball, Bounce and Sport, Inc. unlawfully rounded hourly employees' hours worked, miscalculated employees' overtime rate, unlawfully docked its employees' pay, and unlawfully edited its hourly employees' hours worked to reduce the payment of overtime compensation. Defendant denied Plaintiff's claims and asserted affirmative defenses.

2. Plaintiff requested, and Defendant produced data with final wage adjustment totals by employee, employee contact information, and ADP audit reports consisting of editing information and backup documents of a 10% randomized sample of affected employees. These documents were extensively analyzed by both sides for the purposes of assessing the strengths and weaknesses of the case and compiling estimates of the claimed damages. These analyses were difficult and time-consuming but proved instrumental to the negotiation of the proposed Settlement.

3. Following receipt of the final wage adjustment totals by employee, employee contact information, and ADP audit reports consisting of editing information and backup documents for all affected employees, and thoughtful and thorough negotiations, the proposed Settlement was achieved. On July 11, 2017, the parties filed a *Joint Motion for Order to Cancel Status Conference and Notice of Settlement* (ECF #18), which was granted by the Court (July 11, 2017 Order).

4. On October 13, 2017, the parties filed their Joint Motion for Preliminary Approval of Settlement (ECF # 19). Preliminary approval was granted on October 16, 2017. (ECF #20).

5. The Settlement resolves disputed wage-and-hour claims between the parties in two ways. First, the Settlement will resolve FLSA claims of the named Plaintiff and similarly situated employees who opt into the case pursuant to 29 U.S.C. § 216(b). Second, the Settlement will resolve state-law claims of the named Plaintiff and all members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e).

6. The Settlement makes individual settlement payments available to the Plaintiff, Opt-Ins, and Settlement Class Members listed on the Class Roster as having unpaid overtime, representing a substantial percentage of their claimed damages. The proposed method of allocating the settlement payments—according to recipients' respective unpaid overtime totals during the applicable period—is reasonable and fair to all.

7. In its Preliminary Approval Order, the Court found that the proposed Settlement satisfies the standard for approval of an FLSA collective action settlement under 29 U.S.C. § 216(b). There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the Settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

8. Notice was given to Plaintiff, the Opt-Ins who joined this matter pursuant to the Fair Labor Standards Act ("PISA"), 29 U.S.C. § 216(b), and all Eligible Settlement Class members, defined in the parties' Agreement as "all present and former hourly employees of Ball, Bounce and Sport, Inc. who worked for Ball, Bounce and Sport, Inc. at any time during the period February 20, 2014 to the present (except those who request exclusion from the Class pursuant to Fed. R. Civ. P. 23), and who have unpaid overtime during that period as shown on the Class Roster described in Section 32 below."

9. The Court finds that the Notice given to Eligible Class Members was reasonable

and the best notice practicable, and satisfied the requirements of Civ. R. 23(e) and due process.

10. The Fairness Hearing was held on December 21, 2017. No Eligible Class Members objected to the proposed settlement and no Eligible Class Member requested exclusion form the Class.

11. The Court finds that the proposed settlement of Eligible Class Members' state-law claims is "fair, reasonable, and adequate" to all participants and qualifies for approval pursuant to Fed. R. Civ. P. 23(e).

12. The Court approves the settlement and orders that it be implemented according to its terms and conditions and as directed herein.

13. The Court finds that the total settlement amount outlined in the Agreement, as well as the proposed allocations and distributions described in the Agreement and listed in the Allocation Schedule are fair and reasonable.

14. The Court approves the proposed service award to Plaintiff Michael Goldsmith, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiff's counsel as provided in the Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

16. The Court dismisses this case with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

17. As requested by the parties in the Agreement, the Court retains jurisdiction to enforce the terms of the Agreement and resolve any and all disputes thereunder.

IT IS SO ORDERED:
Dated: 12/21/17

_s/ James S. Gwin_
JAMES GWIN
UNITED STATES DISTRICT JUDGE